

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1929-06

**STEPHON LAVELLE WALTER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### BOWIE COUNTY

**HERVEY, J., filed a dissenting opinion in which Keller, P.J., and Keasler, J., joined.**

## DISSENTING OPINION

I respectfully dissent. I would decide that "blame-shifting" out-of-court statements that are

supported by corroborating circumstances clearly indicating their trustworthiness are "gold standard"

statements that should not be thrown out with the dross.

Adopting the approach set out in Dean McCormick's evidence treatise, the majority opinion

decides that "blame-shifting" statements that are within a generally self-inculpatory narrative do not

satisfy the first-stage foundational requirement for the "against interest" hearsay rule exception under

Texas law. *See* Maj. op. at 13 n.31, 19. Thus, if a declarant's out-of-court statement, "Stephon and I robbed the bank, but Stephon killed the bank teller," is offered against Stephon in Stephon's criminal prosecution for this conduct, the statement that "Stephon killed the bank teller" would be excluded even if this statement is clearly supported by other indicia of reliability such as, for example, a videotape depicting the event. I do not believe that this is what the drafters of Texas' "against interest" hearsay rule exception intended.

I disagree with the majority opinion that the federal and Texas "against interest" hearsay rule exceptions are "quite similar." *See* Maj. op. at 14 n.36, 16 n.48. These exceptions (particularly their second sentences) are very different. FED. R. EVID. 804(b)(3) allows admission of:

> A statement which . . . at the time of its making . . . so far tended to subject the declarant to . . . criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability **and offered to exculpate the accused** is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

(Emphasis supplied).

TEX. R. EVID. 803(24) allows admission of:

> A statement which . . . at the time of its making . . . so far tended to subject the declarant to . . . criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. In criminal cases, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Therefore, in cases like this, when an "against interest" out-of-court statement is offered to **inculpate** the accused, the federal rule literally requires only the first-stage foundational requirement. Thus, such a statement may be admitted under federal rule 804(b)(3) without even considering whether there are corroborating circumstances that clearly indicate the trustworthiness of the

statement. This is not so under Texas rule 803(24), which would exclude this statement that federal rule 804(b)(3) would admit, unless the "corroborating circumstances" second-stage foundational requirement is met.[1] This "corroborating circumstances" reliability-enhancing feature of Texas rule 803(24) directly addresses and cures the reliability concerns expressed in the various plurality opinions in *Williamson v. United States*[2] and justifies the adoption for Texas practice of Dean Wigmore's more expansive approach to the admissibility of "blame-shifting" statements that are within a generally self-inculpatory narrative. *See* Maj. op. at 13 n.31 (discussing the Wigmore, McCormick and Jefferson evidence treatises); *see also Williamson*, 512 U.S. at 611-12 (Kennedy, J., concurring in the judgment) (same).[3]

The majority opinion points out that "most" federal courts have judicially legislated a "corroborating circumstances" foundational requirement into federal rule 804(b)(3) for out-of-court "against interest" statements offered to inculpate an accused. *See* Maj. op. at 14 n.36.[4] Apparently,

---

[1] Thus, a "blame-sharing" statement, such as "Stephon and I robbed the bank," admissible under federal rule 804(b)(3) is inadmissible under Texas rule 803(24) unless supported by "corroborating circumstances." *See also* Maj. op. at 21 ("blame-sharing" statements inadmissible under Texas rule 803(24) unless supported by "corroborating circumstances").

[2] 512 U.S. 594 (1994).

[3] In *Williamson*, the Supreme Court was construing what Congress meant in federal rule 804(b)(3) by the term "statement," which the Court found to be ambiguous. *See Williamson*, 512 U.S. at 599-600 (O'Connor, J.) (one meaning of "statement" would make an entire generally self-inculpatory narrative admissible while another meaning "would make Rule 804(b)(3) cover only those declarations or remarks within the confession that are individually self-inculpatory").

[4] The majority opinion asserts that "[t]hese courts have stated that the corroboration requirement for inculpatory statements is necessary either under the Supreme Court's decision in *Williamson* or the constitutional right of confrontation." *See* Maj. op. at 14 n.36. The Supreme Court in *Williamson*, however, expressly left open the question of whether this "corroborating

this is meant to demonstrate that Texas rule 804(23) and federal rule 804(b)(3), at least in those

federal cases where this judicially legislated "corroborating circumstances" foundational requirement

would apply, are similar enough that *Williamson* should be considered persuasive authority in

construing Texas rule 803(24).[5] That "most" or "some" federal courts have judicially legislated this

"corroborating circumstances" foundational requirement into federal rule 804(b)(3) does not, in my

view, compel a conclusion that we should follow *Williamson* and automatically exclude reliable

"blame-shifting" statements, particularly since the Supreme Court in *Williamson* left open the

---

circumstances" requirement should be judicially legislated into federal rule 804(b)(3). *See, e.g.,*
*Williamson*, 512 U.S. at 605 (O'Connor, J.) (expressly leaving open the question of "whether, as
some Courts of Appeals have held, the second sentence of Rule 804(b)(3) . . . also requires that
statements inculpating the accused be supported by corroborating circumstances").

And it appears that those federal courts that have judicially legislated this "corroborating
circumstances" requirement into federal rule 804(b)(3) have done so based upon the view that Sixth
Amendment Confrontation Clause reliability concerns required it. *See, e.g., United States v. Harty*,
930 F.3d 1257, 1263 (7th Cir. 1991) ("corroborating circumstances" foundational requirement was
necessary "to pass constitutional muster under the Sixth Amendment Confrontation Clause"). These
concerns, however, are not well founded in a post-*Crawford v. Washington* world. *See generally*
*Crawford v. Washington*, 541 U.S. 36 (2004) (rejecting constitutional rule set out in prior Supreme
Court decisions that admission of testimonial out-of-court statements did not violate Sixth
Amendment's Confrontation Clause if they had "indicia of reliability"). Assuming that "street
corner" spontaneous out-of-court statements like those in this case are "testimonial," their admission
into evidence would not violate Confrontation Clause principles under *Crawford* if the declarant is
available for cross-examination and even if these statements are not supported by "corroborating
circumstances." *See Crawford*, 541 U.S. at 59 (when declarant appears for cross-examination at
trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial
statements). Neither *Williamson* nor current Sixth Amendment Confrontation Clause jurisprudence
require federal courts to judicially legislate a "corroborating circumstances" requirement into federal
rule 804(b)(3).

5
    It is noteworthy that at least two of the pre-*Williamson* federal-court decisions cited in
footnote 36 of the majority opinion apparently allowed the admission into evidence of "blame-
shifting" out-of-court statements supported by "corroborating circumstances." *See United States v.*
*Casamento*, 887 F.2d 1141, 1171 (2nd Cir. 1989); *United States v. Alvarez*, 584 F.2d 694, 699-701
(5th Cir. 1978).

question of whether this "corroborating circumstances" requirement should be judicially incorporated into federal rule 804(b)(3). In the final analysis, the majority opinion excludes reliable evidence without demonstrating why the "corroborating circumstances" requirement under Texas rule 804(23) is not a sufficient guard against the use of unreliable "blame-shifting" statements when, according to the majority opinion, it is a sufficient guard against the use of unreliable "blame-sharing" statements.[6]

A final point should be made concerning the practicalities of the Court's decision. It would seem that the erroneous admission into evidence of a "blame-shifting" statement will almost always be harmless if this statement is supported by "corroborating circumstances." This should weigh in favor of deciding that Texas rule 804(23) should be interpreted to permit the admission of "blame-shifting" statements. It would seem more practical to take into consideration the existence of "corroborating circumstances" in deciding whether a "blame-shifting" statement is admissible than taking these circumstances into account in deciding whether its admission is harmless.

I respectfully dissent.

Hervey, J.

Filed: October 1, 2008
Publish

---

[6] See Maj. op. at 21-22 ("our second-stage foundation requirement that no statement against penal interest is admissible 'unless corroborating circumstances clearly indicate the trustworthiness of the statement' is a sufficient guard against the use of unreliable 'blame-sharing' statements").